**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Marvin Lee Jones,

Plaintiff,

v.

Dwight Johnson and
James Bruton,

Defendants.

Civil No. 01-556 (DWF/AJB)

**ORDER ON PLAINTIFF'S MOTIONS TO AMEND AND FOR APPOINTMENT OF COUNSEL**

This matter is before the Magistrate Judge on plaintiff's motion for leave to file an amended complaint [Docket No. 7], and motion for appointment of counsel [Docket No. 9]. A complaint for violation of civil rights under 42 U.S.C. § 1983 is pending before the court. Pleadings have been served on defendants but no answer to the complaint has yet been served on behalf of either defendant.

Based upon the entire file, including the motion and pleadings submitted by the plaintiff, **IT IS HEREBY ORDERED** that plaintiff's motion for leave to file an amended complaint is **granted** [Docket No. 7]. It is **FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **denied** [Docket No. 9].

Dated: 6/8/01

Arthur J. Boylan
United States Magistrate Judge

FILED JUN 08 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Plaintiff has filed a motion seeking appointment of counsel. He asserts that he is unable to afford counsel; that issues involved in the case are complex; and that he has limited knowledge of the law. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984).

The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The nature of this case is not such that both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff appears to have a clear understanding of the judicial process, and is able to proceed without legal counsel. Plaintiff has been able to articulate his claims, assert the law and facts that he considers applicable, and argue his positions. Furthermore, the court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. The court finds that appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Plaintiff also moves for leave to file an amended complaint to modify the allegations and the request for relief. He does not seek to add additional parties. Fed. R. Civ. P. 15(a) permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. However, since the complaint in this matter is subject to screening pursuant to 28 U.S.C. §1915(b), further Court examination and determination on the sufficiency of the proposed amended complaint is appropriate. In this regard Rule 15(a) further mandates that leave be freely given when justice requires. The decision on whether to grant or deny a motion to amend a pleading lies within the sound discretion of the court, and it is not an abuse of that discretion to deny leave to amend when granting leave is unlikely to be productive. Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993). The court may refuse to permit amendment to assert claims which could not survive motion to dismiss. Weimer v. Amen, 870 F.2d 1400, 1407 (8th Cir. 1989). Important considerations are whether defendant is prejudiced by the amendment and whether the proposed amendment asserts a futile claim. Foman v. Davis, 83 S.Ct. 227, 230 (1962).

In this instance it is not immediately apparent to the Court that the amended complaint fails to set forth any actionable claims or that defendants would be prejudiced by amendment at this time. In light of the Rule 15(a) provisions that leave to amend be freely given and that a party be permitted to amend a pleading once as a matter of course if no response has been served, the Court finds that it is appropriate to permit the proposed amendment and leave is therefore granted.