**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Marvin Lee Jones,

Civil No. 01-556 (DWF/AJB)

Plaintiff,

v.

Dwight Johnson and
James Bruton,

Defendants.

**ORDER ON PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND SECOND MOTION FOR APPOINTMENT OF COUNSEL**

This matter is before the Magistrate Judge on plaintiff's motion to compel discovery [Docket No. 35] and a second motion for appointment of counsel [Docket No. 38]. A complaint for violation of civil rights under 42 U.S.C. § 1983 is pending before the court. Defendants have now moved for summary judgment and plaintiff has submitted written opposition to defendants' motion. Defendants oppose plaintiff's motion to compel discovery and request a stay of discovery pending decision on their motion for summary judgment.

Based upon the entire file, including the motions submitted by the plaintiff and defendants, **IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery is **denied** [Docket No. 35], and discovery in this matter is **hereby stayed** pending the Court's decision on defendants' motion for summary judgment. It is **FURTHER ORDERED** that plaintiff's second motion for appointment of counsel is **denied** [Docket No. 38].

Dated: April 19th, 2002

Arthur J. Boylan
United States Magistrate Judge

APR 22 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**MEMORANDUM**

Plaintiff has filed a second motion seeking appointment of counsel. He now asserts that appointment of counsel is justified by the legal merits of his claims and the need for discovery and depositions in the case. The motion for appointment of counsel is denied for the same reasons that the previous motion was denied. 28 U.S.C. § 1915(e) provides that a "court may request an attorney to represent any person unable to afford counsel." However, in a civil case, "there is no constitutional or statutory right for an indigent to have appointed counsel." Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985); see Bettis v. Delo, 14 F.3d 22, 24 (8th Cir. 1994). In re Lane, 801 F.2d 1040, 1042 (8th Cir. 1986). The court should determine if "the nature of the litigation is such that the [plaintiff] as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). The decision to appoint counsel "involves a careful weighing of several factors," including the factual complexity of the case, the ability of plaintiff to investigate the facts, the existence of conflicting testimony, the ability of the plaintiff to present the claim, and the complexity of the legal issues. In re Lane, 801 F.2d 1040, 1043-44 (8th Cir. 1986) citing Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The court finds that this case is not of such a nature both the plaintiff and the court will benefit from the appointment of counsel. Plaintiff has been able to assert his claims, present motions to the court, and prepare written argument in support of his claims and in opposition to summary judgment. The court finds little difficulty in understanding the nature and specifics of the claims and the plaintiff's position on those matters. Appointment of counsel is not warranted in this matter. See: McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997).

Plaintiff also moves for an order compelling discovery. Defendants oppose the motion on grounds that the motion is untimely. Defendants also assert that their pending motion for summary judgment is based upon allegations that the plaintiff's claims are barred as a matter of law and fact discovery is therefore without purpose.. The Pretrial Scheduling Order in this case established a nondispositive motion deadline of March 1, 2002. The present discovery motion was filed on April 17, 2002, after defendant's motion for summary judgment was served and filed. The motion to compel discovery is untimely and is denied on that basis. In addition, stay of fact discovery pending decision on the motion for summary judgment is appropriate under circumstances in which qualified immunity and Eleventh Amendment defenses are alleged.