**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

Marvin Lee Jones,

Plaintiff,

v.

Dwight Johnson and James Bruton,

Defendants.

Civil No. 01-556 DWF/AJB

**REPORT AND RECOMMENDATION**

This action is before the United States Magistrate Judge for Report and Recommendation on defendants' motion for summary judgment pursuant to Fed. R. Civ. P. 56. [Docket No. 20]. Plaintiff is a prisoner at the Minnesota Correctional Facility at Oak Park Heights and has filed an amended pro se complaint for violation of civil rights under 42 U.S.C. § 1983. [Docket No. 14]. The amended complaint alleges that defendant Johnson, along with another corrections officer, pushed plaintiff against a wall and rammed his face against the wall during a transfer to another cell. Plaintiff further alleges that defendant Bruton, warden at MCF–Oak Park Heights, ignored previous complaints and allowed harassment to continue. Finally, the complaint alleges that prison staff failed to contact medical personnel or offer medical attention for injuries suffered in the incident. Plaintiff's motion pleadings cite the Eight Amendment as a constitutional basis for the claims[1] and the prisoner also alleges "unnecessary and excessive force" and "denial of medical care."[2] Plaintiff requests declaratory judgment and

---

[1] Brief in Opposition to Summary Judgment Motion, page 6 [Docket No. 41].

[2] Reply, page 2. [Docket No. 47].



JUN 1 9 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

compensatory and punitive damages from both defendants for his relief in this action.

Defendants now move for summary judgment dismissing the claims with prejudice. They observe that the amended complaint does not indicate that they are sued in an individual capacity and it must therefore be presumed that they are sued only in their official capacities and are protected by Eleventh Amendment immunity from liability for money damages. Defendant Bruton further contends that plaintiff has not alleged facts establishing personal involvement as necessary to support claims against him and there is insufficient showing of physical injury to prevent dismissal of claims against him pursuant to provisions of the Prison Litigation Reform Act. In addition, defendants insist that they are entitled to qualified immunity from liability for damages because their conduct was not in violation of clearly established statutory or constitutional rights. Finally, defendants contend that the amended complaint should be dismissed based upon plaintiff's failure to exhaust administrative remedies.

This matter has been referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For reasons discussed below, the Court recommends that the defendants' motion for summary judgment be granted and that the amended complaint in this action be dismissed. The Magistrate Judge concludes that plaintiff has failed to exhaust administrative remedies, and dismissal on that ground is appropriate. Furthermore, dismissal with prejudice is warranted where the amended complaint states no claims against defendants in an individual capacity; defendants are entitled to Eleventh Amendment immunity from official capacity claims; there is no showing of personal involvement by defendant Bruton; and plaintiff cannot obtain declaratory relief under the circumstances of this case.

**Factual Background**

Plaintiff's claims in this matter arise out of an incident which occurred while he was incarcerated in the segregation unit at MCF–Oak Park Heights on March 14, 2000. Plaintiff contends that he suffered physical injuries as a result of conduct by corrections officers during a cell transfer from the segregation unit (Complex 5) to Complex 2. Defendant Dwight Johnson is a corrections officer who was involved in the cell transfer. Defendant James Bruton was the warden at MCF–Oak Park Heights at the time of the incident. Plaintiff was placed in handcuffs and waist chain prior to transfer by defendant Johnson, Officer Dean Frokjer, and Officer Glenn Lisowy. Meanwhile, plaintiff was making requests to see the Complex 5 supervisor, Lt. Hell, because he feared for his safety as a result of perceived violent tendencies of defendant Johnson. The prisoner alleges that he was then pushed against the wall and defendant Johnson grabbed plaintiff by the back of the neck and rammed his face against the wall several times, causing a deep laceration to his bottom lip, a bruised cheek, and a concussion.[3] Plaintiff asserts that medical staff was not contacted to obtain medical attention for him,[4] and that defendant Bruton has disregarded complaints and allowed continued and escalating harassment by defendant Johnson and Mr. Frokjer.[5] The amended complaint asks the court to issue a declaratory judgment against defendants Johnson and Bruton; seeks compensatory damages from Johnson in the amount of $20,000 and Bruton in the amount of $10,000; and requests punitive damages in the amounts of $10,000 from Johnson and $7,000 from Bruton.

---

[3] Amended Complaint, Section IV, para. 13, 14, and 15. [Docket No. 14].

[4] Id., para. 18.

[5] Id., para.21.

**Summary Judgment**

Defendants move for summary judgment dismissing the complaint in this matter in its entirety. Plaintiff opposes the motion and agues that fact issues exist which preclude summary judgment in this matter. Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial responsibility of demonstrating that there is no genuine issue of material fact to be decided. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323, 106 S.Ct 2548, 2552 (1986). When a motion for summary judgment has been made and supported by the pleadings and affidavits as provided in Rule 56(c), the burden shifts to the party opposing the motion to put forth evidence demonstrating that a trial is required because a disputed issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986). In satisfying this burden, however, the non-moving party must do more than simply establish doubt as to the material facts. The party opposing summary judgment may not "rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Matsushita, 475 U.S. at 586, n.11, 106 S.Ct. at 1356; Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995); Fed. R. Civ. P. 56(e). Pro se pleadings should be given a liberal construction and held to a less stringent standard than attorney drafted pleadings. Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972). However, the plaintiff still must present evidence to defeat a properly supported summary judgment motion and may not rely upon conclusory allegations and unsupported assertions. Dunavant v. Moore, 907 F.2d 77, 80 (8th Cir. 1990).

**Exhaustion**

The Prison Litigation Reform Act at 42 U.S.C. § 1997e(a) expressly mandates the exhaustion of administrative remedies prior to commencement of any action relating to prison conditions under Section 1983, or any other Federal law. Defendants assert that MCF–Oak Park Heights has a grievance procedure and that the prisoner expressly acknowledges the existence of such a procedure in the amended complaint.[6] Plaintiff states that he sent a written complaint to the Minnesota Department of Corrections, but that it was forwarded to the institution's investigator and the complaint was still pending.[7] Defendants submit evidence indicating that an investigation was initiated on December 13, 2000, based upon the prisoner's letter to the Department of Corrections dated November 21, 2000.[8] The investigator informed the prisoner of the investigation and sought to obtain his statement through a taped interview.[9] Plaintiff declined to speak with the investigator when an interview request was made on December 21, 2000. On December 26, 2000, the prisoner sent a message stating that he was now willing to cooperate in an investigation, but he again refused to provide a taped statement when requests were made on January 5, 2001, January 26, 2001, and May 11, 2001.[10] Plaintiff provides neither argument nor evidence to refute the contention that he refused to cooperate with an investigation into the subject matter of his November 21, 2000, letter which is also the subject matter of this case, i.e.

---

[6] Amended Complaint, Section II.

[7] Id.

[8] Affidavit of Eddie Miles. [Docket No. 34].

[9] Id.

[10] Id.

the alleged assault on March 14, 2000.[11] Furthermore, the letter makes no reference whatsoever to either direct or indirect involvement of defendant Bruton in this incident, and the letter contains no allegations relating to medical issues.

The exhaustion provision at 42 U.S.C. § 1997e (a) requires dismissal of this action without prejudice. Porter v. Nussle, __ U.S. __, 122 S.Ct. 983 (2002). The statute states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion statute as amended by the Prisoner Litigation Reform Act in 1995 leaves the district court with significantly less discretion with respect to the exhaustion requirement than the predecessor provision. Porter v. Nussle, 122 S.Ct. at 988. Indeed, exhaustion is now mandatory. Id. (citing Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819 (2001). All available remedies must be exhausted and such remedies need not meet particular federal standards or be plain, speedy, and effective. Id. The exhaustion requirement applies when the prisoner seeks money damages, even though money damages may not be available through administrative appeals, and 42 U.S.C. § 1997e(a) requires exhaustion for all actions relating to prison conditions whether brought under Section 1983 or any other Federal law. Id. Under the PLRA it is contemplated that suits relating to prison conditions includes "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 122 S.Ct. at 992. It is clear that plaintiff initiated the administrative grievance processes to obtain relief with respect to his claims in this action, but it

---

[11] Affidavit of Eddie Miles, Exh. A.

is likewise apparent that he has refused to participate in those administrative processes, and that non-exhaustion is a consequence of the prisoner's own failure to comply with reasonable procedures and is not a result of institutional inaction. The amended complaint explicitly indicates that institutional grievance procedures are still pending and that, in itself, is sufficient to bar Court review on the merits of this matter. The prisoner's own obstruction of the administrative investigation merely accentuates the fact of non-exhaustion. In sum, plaintiff makes no pretense that he has properly exhausted all of his remedies, and he offers no justification for permitting the case to proceed without exhaustion of administrative remedies due to circumstances of this case. Furthermore, no unique circumstances are apparent and would not provide a basis for non-exhaustion in any event. Dismissal of the amended complaint pursuant to 42 U.S.C. § 1997e(a) is appropriate in this instance. However, dismissal with prejudice is proper in this instance pursuant to 42 U.S.C. § 1997e(c)(2), whereby claims may be dismissed without requiring exhaustion under circumstance which are discussed below.

**Official Capacity and Eleventh Amendment Immunity**

In an action under Section 1983 a public servant may be sued in an official capacity, an individual capacity or both. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999). Unless a complaint expressly and unambiguously states that a defendant is sued in an individual capacity, it will be assumed that the defendant is sued in only an official capacity. Id. Furthermore, a suit against a public employee in that person's official capacity is merely a suit against the public employer. Id., citing Kentucky v. Graham 473 U.S. 159, 165, 105 S.Ct. 3099, 3105-06 (1985). The Eleventh Amendment protects the State and arms of the State from liability for damages in a Section 1983 action. This same immunity extends to state

officials who are named as defendants in a Section 1983 action where the suit is brought against an individual acting in an official capacity. In such a case the action is not against the person but is against the office and is no different from a suit against the State itself. See Hafer v. Melo, 502 U.S. 21, 25-26, 112 S.Ct. 358, 361-62 (1991); Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312 (1989).

Plaintiff names James Bruton, warden at MCF–Oak Park Heights, and Dwight Johnson, a corrections officer, as defendants in this action. Review of the plaintiff's pleadings in this matter, including the initial complaint, the amended complaint, and plaintiff's memorandums in response to defendants' motion for summary judgment, reveals no express or implicit assertion that defendants are being sued in their individual capacities. In addition, neither the pleadings nor plaintiff's supporting arguments allege actions by either defendant Johnson or defendant Bruton which are unequivocally outside the scope of their official duties as a corrections officer and a prison warden, respectively. The Court may therefore assume that the defendants are sued in their official capacities only. In effect, this suit is merely a suit against the public employer, Johnson v. Outboard Marine Corp., 172 F.3d at 535, and defendants cannot he held personally liable for money damages. Claims against defendants in this action are barred by the Eleventh Amendment to the extent plaintiff seeks monetary damages.[12]

---

[12] Defendants have also asserted qualified immunity as a defense in this matter. Qualified immunity is available only to government employees sued in an individual capacity. Since the suit in this instance is construed as against the government employer, the issue of qualified immunity is simply not relevant and provides no basis for dismissing the lawsuit. Johnson v. Outboard Marine Corp., 172 F.3d 531, 535. However, the Court's recommendation for dismissal based upon the determination that plaintiff has not alleged individual liability should not be construed as a suggestion by the Court that plaintiff's Eighth Amendment claims have merit or that defendants would not be entitled to qualified immunity in any event. With respect to whether corrections officers used unreasonable force so as to inflict unnecessary and

**Personal Involvement of Defendant Bruton**

Plaintiff in a Section 1983 action must allege either a party's direct involvement in alleged unconstitutional actions or the party's participation in the policy decision that created the unconstitutional basis for the allegations. Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985). Absent direct personal involvement, the plaintiff must show that the particular defendant failed to properly train, supervise, direct, or control the subordinate who was directly involved in causing the alleged injury. Crooks v. Nix, 872 F.2d 800, 804 (8th Cir. 1989). The amended complaint alleges that defendant James Bruton and his administrators were provided documentation of harassment by corrections officers and that they disregarded past complaints.

---

wanton pain and suffering during a cell transfer, a determination would depend upon "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Stenzel v. Ellis, 916 F.2d 423, 427 (8th Cir. 1990)(citing Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085). Plaintiff's bare allegations, even if fully supported by observations of tour group witnesses who observed the incident, would not permit a conclusion that the actions of corrections officers in this matter were sufficiently egregious to constitute malicious or sadistic conduct, particularly when considered in light of the prisoner's plea of guilty to a disorderly conduct charge arising out of the incident. (Affidavit of Mike Green, Exhibit C [Docket No. 33]). See Stenzel at 427. With regard to medical treatment claims, review of the record fails to reveal any noteworthy evidence of deliberate indifference to serious medical needs constituting unnecessary and wanton infliction of pain as necessary to establish an Eighth Amendment claim. Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291 (1976). In fact, plaintiff does not even allege that he requested medical attention following the incident.

The Supreme Court has long held that a state officer sued in his or her personal capacity under 42 U.S.C. § 1983 "may assert personal immunity defenses, such as objectively reasonable reliance on existing law." Hafer v. Melo 502 U.S. 21, 25; 112 S.Ct. 358, 362 (1991). Thus, government officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known," are shielded from liability for civil damages. Hartley v. Fine, 780 F.2d 1383, 1387 (8th Cir. 1985)(citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982)). Because the actions by defendants did not violate clearly established statutory or constitutional rights, they would be entitled to qualified immunity from individual liability for compensatory and punitive damages. See Anderson v. Creighton, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987).

The amended complaint does not describe any direct and palpable involvement of defendant Bruton with respect to either the cell transfer incident or subsequent medical treatment issues.[13]

The amended complaint fails to assert any facts to support an allegation of personal involvement in either a direct or supervisory capacity with respect to Eighth Amendment claims against defendant Johnson or other corrections officers. There are no facts to suggest that the defendant Bruton had any immediate responsibility or played any role in plaintiff's cell transfer or the use of force that occurred, and there is no evidence to indicate that he played a part in any medical decisions. Furthermore, a defendant's general responsibility for supervising prison operations is insufficient to establish the personal involvement necessary to support liability. Keeper v. King, 130 F.3d 1309, 1314 (8th Cir. 1997) citing Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995). There is no concrete evidence that Bruton facilitated, approved, condoned, or turned a blind eye to conduct of subordinates, as necessary to establish supervisory liability. Ripson v. Alles, 21 F.3d 805, 809 (8th Cir. 1994). Plaintiff's amended complaint should be dismissed for lack of personal involvement by defendant Bruton with respect to claims against him in this case.

**Declaratory Judgment**

One of the claims for relief contained in the amended complaint asks simply that the court issue a declaratory judgment against defendant Johnson and defendant Bruton.[14] Plaintiff provides no elaboration in the amended complaint with respect to declaratory relief and offers no response to defendants' concise motion argument for dismissal of the claim.

---

[13] Amended Complaint, Section IV, para. 19-21.

[14] Id., Section V.

Declaratory judgment is a "binding adjudication that establishes the rights and other legal relations of the parties without providing for or ordering enforcement." Black's Law Dictionary 846 (7th ed. 1999). The amended complaint in this matter contains no request for a ruling which would establish the existence of any legal or contractual rights of the plaintiff or would otherwise define the relationship between parties. The rights at issue in this action are clearly established and the only matters to be decided involve application of the facts to those rights. There is neither an effective claim nor a procedural basis for declaratory relief in this instance and defendants' motion to dismiss the declaratory judgment action should therefore be dismissed.

**CONCLUSION**

Plaintiff has not exhausted his administrative remedies with respect to his claims and dismissal is required on that grounds. Moreover, dismissal with prejudice is appropriate based upon defendants' Eleventh Amendment immunities from liability for money damages. In addition, defendant Bruton cannot be liable for money damages because he had no personal involvement with respect to claims in this action, and there is no basis for declaratory relief with respect to either defendant.

**RECOMMENDATION**

Based upon the foregoing discussion, the Magistrate Judge **hereby recommends** that the defendants' Motion for Summary Judgment be **granted** [Docket No. 20] and that plaintiff's amended complaint [Docket No. 14] thereby be **dismissed** with prejudice.

Dated: 6/18/02

Arthur J. Boylan
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before July 1, 2002.